FILED
IN CLERK'S OFFICE
U.S. DISTRICT COURT E.D.N.Y.
★ AUG 3 0 2012 ★
BROOKLYN OFFICE

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
―――――――――――――――――――――X

YVETTE BIVENS,

                     Petitioner

-against-

THE PEOPLE OF THE STATE OF
NEW YORK,

                     Respondent.
―――――――――――――――――――――X

MEMORANDUM
AND ORDER
12-CV-4113 (SLT)(SMG)

TOWNES, United States District Judge:

On August 17, 2012, petitioner filed this *pro se* petition seeking a writ of habeas corpus pursuant to 28 U.S.C. § 2254 challenging her 2009 conviction in Queens County, New York for petit larceny for which she was sentenced to a one-year conditional discharge. Petitioner paid the statutory filing fee to commence this action. For the reasons set forth below, the Court dismisses the petition.

**Discussion**

A § 2254 petitioner must first show that she is "in custody pursuant to the judgment of a State court." § 2254(a). The petitioner must "be 'in custody' under the conviction or sentence under attack at the time his petition is filed." Maleng v. Cook, 490 U.S. 488, 490-91, 109 S.Ct. 1923, 104 L.Ed.2d 540 (1989). When a petitioner's sentence for a conviction has expired, the conviction may not be challenged because the petitioner is no longer "in custody" pursuant to that conviction. Lackawanna County Dist. Attorney v. Coss, 532 U.S. 394, 401-02, 121 S.Ct. 1567, 149 L.Ed.2d 608 (2001); see also Ginsberg v. Abrams, 702 F.2d 48 (2d Cir. 1983) (affirming dismissal of habeas petition for failure to meet the "in custody" requirement where petitioner's sentence was an unconditional discharge but petitioner's law license was revoked as a result of the conviction).

Here, petitioner was sentenced on December 15, 2009 to a one-year conditional discharge. Petition at ¶¶ 2-3; Attachment, Decision and Order dated June 27, 2011, Queens County Criminal

1

Court, at 2. Because she is no longer serving the sentence for her 2009 conviction, petitioner cannot bring a federal habeas action directed solely at that conviction.

**Conclusion**

Accordingly, for the reasons set forth above, the petition for a writ of habeas corpus is dismissed. A certificate of appealability shall not issue because petitioner has not made a substantial showing of the denial of a constitutional right. See 28 U.S.C. § 2253(c)(2); Lucidore v. New York State Div. of Parole, 209 F.3d 107, 112-13 (2d Cir. 2000). Although petitioner paid the filing fee, the Court certifies pursuant to 28 U.S.C. §1915(a) that any appeal from a judgment denying the instant petition would not be taken in good faith. Coppedge v. United States, 369 U.S. 438 (1962).

SO ORDERED.

/S/
_____
SANDRA L. TOWNES
United States District Judge

Dated: Brooklyn, New York
August 30, 2012